**KIRKLAND MASONRY, INC., Hugh Kirkland and Bobye Joe Kirkland, Plaintiffs-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendants-Appellees.**

No. 79–2729
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 28, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Charles L. Ruffner, Miami, Fla., for plaintiffs-appellants.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before GEE, RUBIN and POLITZ, Circuit Judges.

PER CURIAM:

■ Taxpayers' returns for tax years before 1977 were audited by the Internal Revenue Service. In 1978 taxpayers sought information concerning the results of the audit for use in preparing 1978 tax returns. Specifically, taxpayers requested the Internal Revenue Service to disclose its position as to the proper tax treatment of certain of taxpayers' transactions. The information was refused for two reasons: the IRS was investigating possible criminal violations of the Internal Revenue Code by the taxpayers and, in addition, its investigation was incomplete and the results inconclusive. The IRS did offer to make those of the taxpayers' records in its possession available for inspection. The taxpayers then sought by mandamus to compel disclosure of the information they sought on the theory that the Taxpayers Service Handbook requires IRS employees to assist taxpayers in the preparation of their returns. We affirm the district court's dismissal of the suit for want of jurisdiction.

■■ The complaint alleges in conclusory fashion that jurisdiction lies "by reason of Titles 5 and 26 of the United States Code" and under the Internal Revenue Code. The complaint further alleges jurisdiction under the Administrative Procedures Act and the Fifth Amendment, but nowhere sets forth what part of the APA confers jurisdiction or what violation of the APA or the Fifth Amendment has occurred. It ignores the specific requirements of Rule 8(a) of the Federal Rules of Civil Procedure that a pleading setting forth a claim for relief contain a short and plain statement of the grounds upon which the court's jurisdiction depends. Because there is no presumption in favor of federal court jurisdiction and that jurisdiction is limited, the basis for jurisdiction must be affirmatively shown. Wright, Federal Courts p. 326 (2d ed. 1970). If jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the case does in fact arise under federal law. *Id.* at 327. This complaint fails to do so.

■ The complaint, however, seeks mandamus relief and the brief on appeal seeks to lodge jurisdiction under 28 U.S.C. § 1361. That statute does confer on the district courts jurisdiction "of an action in the na-

ture of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 1361, however, confers jurisdiction on a district court only when the defendant official or agency owes a specific duty to the plaintiff. *In re Wingree Co.*, 412 F.2d 1048 (5th Cir. 1969); *Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969). *See King v. Morton*, 172 U.S.App. D.C. 126, 132, 520 F.2d 1140, 1146 (D.C.Cir. 1975); *City of Milwaukee v. Saxbe*, 546 F.2d 693, 699–700 (7th Cir. 1976). The duty must be "clear, ministerial and non-discretionary." *Mattern v. Weinberger*, 519 F.2d 150, 156 (3d Cir. 1975). Nowhere in the complaint or brief is a statute creating a duty to the plaintiff set forth and no facts are alleged that would give rise to such a duty. The taxpayers rely solely on the Handbook's order to IRS employees to assist taxpayers in preparing their returns.

 Although federal agencies are bound by their own regulations, *see Accardi v. Shaughnessey*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); *United States v. Heffner*, 420 F.2d 809 (4th Cir. 1970), a simple administrative directive to agency employees does not suffice to create a duty to the public. *See Brennan v. Ace Hardware Corp.*, 495 F.2d 368 (8th Cir. 1974); *see also Jankowitz v. United States*, 533 F.2d 538, 543 & n.3, 209 Ct.Cl. 489 (U.S.Ct.Cl.1976); *McCullough v. Redevelopment Auth. of Wilkes-Barre*, 522 F.2d 858, 867 n.27 (3d Cir.

1975). Moreover, the Service Handbook does not create an unmistakable obligation to provide the type of information sought here. It merely requires IRS employees to render taxpayers assistance in preparing returns; it does not require the Service to disclose information about past audits that are part of a criminal investigation. *Cf. Short v. Murphy*, 512 F.2d 374 (6th Cir. 1975) (IRS rule requiring some disclosure to plaintiff was discretionary as to furnishing more than minimum of detail and, therefore, could not form basis of a mandamus action). In fact, as the government's brief notes, to read the handbook as the plaintiffs urge it should be read would conflict with other provisions of the handbook forbidding the disclosure of information relating to criminal investigations.

Because the plaintiffs have not established that any duty is owed to them which may be enforced by the writ of mandamus, and because they have failed to establish any other basis for the district court to take jurisdiction of this action, the judgment of the district court dismissing this suit for want of jurisdiction is AFFIRMED.