Edwards Dodge, Inc., appeals from a declaratory judgment holding that Edwards Dodge was not entitled to a defense and coverage under the terms of a liability insurance policy issued to Edwards Dodge by Pennsylvania National Mutual Casualty Insurance Company. We reverse. *Page 226 
Donald and Lisa Adair purchased an automobile from Edwards Dodge in November 1984. In May 1985, the Adairs filed a complaint against Edwards Dodge, alleging that Edwards Dodge had represented to them that the automobile they purchased had to be financed at the used car interest rate, as opposed to the lower, new car interest rate, because the automobile was a "demonstrator." Count I of the Adairs' complaint reads, in pertinent part, as follows:
 "10. Plaintiffs aver that Defendant intentionally, willfully or maliciously misrepresented the financing arrangement to the Plaintiffs by representing that said car would have to be financed at used car rates when in fact said car could have been financed as a new car at much lower rates.
 "11. Plaintiffs aver that if said representation by Defendant was not intentionally false, then said representation was made with total and reckless disregard for the truth and accuracy of said representation and that in fact said representations were false." (Emphasis added.)
Count II of the complaint alleges fraudulent representation.
At the time the Adairs filed their complaint, Edwards Dodge was insured under a liability policy purchased from Pennsylvania National. Edwards Dodge notified Pennsylvania National of the lawsuit and requested that Pennsylvania National tender a defense on behalf of Edwards Dodge. Pennsylvania National denied this request, based on exclusions contained in the policy. The exclusionary provisions of the policy provided in part, "We will not pay and we will have no duty to defend any claim or suit arising out of: . . . Any dishonest, fraudulent, criminal or malicious act, libel or slander."
Following receipt of Pennsylvania National's refusal to tender a defense, Edwards Dodge filed a declaratory judgment action seeking a declaration of Pennsylvania National's obligations under the policy.
The trial court ruled that the exclusions in the policy were unambiguous and, because the lawsuit alleged "fraudulent misrepresentation," that Edwards Dodge was not entitled to coverage under the policy and Pennsylvania National was not obligated to defend.
The issue in this case is whether reckless conduct, as alleged in Count 1, paragraph 11, of the Adairs' complaint, relieves Pennsylvania National from a duty to defend and a duty to provide coverage to Edwards Dodge.
Edwards Dodge asserts that the terms of the policy ("dishonest, fraudulent, criminal or malicious") exclude from coverage conduct that is intentional; and that reckless conduct is not intentional conduct, and, therefore, is not excluded from coverage.
The provisions of an insurance policy must be construed in light of the interpretation that ordinary men would place upon the language used in the policy. Newman v. St. Paul Fire Marine Insurance Co., 456 So.2d 40 (Ala. 1984).
The trial court's judgment is presumed to be correct when factual findings are based upon evidence presented ore tenus; however, this presumption does not apply where the trial court erroneously applies the law to the facts. Owens v. Durden,440 So.2d 1079 (Ala.Civ.App. 1983).
Although there are no cases in Alabama construing the term "dishonest" in the context of insurance policies, the Court of Appeals for the Fifth Circuit has defined the term as including acts that evidence a want of integrity and an intentional breach of trust. United States Fidelity Guaranty Co. v. Bankof Thorsby, 46 F.2d 950 (5th Cir. 1931). The term "dishonesty" is defined in Black's Law Dictionary 421 (5th ed. 1979), as "disposition to lie, cheat, or defraud; untrustworthiness; lack of integrity."
In Walker v. Woodall, 288 Ala. 510, 513, 262 So.2d 756, 758
(1972), this Court stated the following with regard to a charge instructing the jury that punitive damages could be assessed if the defendant had "knowingly, willfully, falsely and fraudulently misrepresented":
 " 'Fraudulently' as used in the above charge should be given the meaning *Page 227 
which the law gives it and which attaches to it [in] common usage, to-wit, a deliberately planned purpose and an intent to deceive and thereby to gain an unlawful advantage. [Citation omitted.] 'Fraudulently' necessarily includes the concept of intent."
We note that "fraud," as defined in Ala. Code 1975, §6-5-101, includes unintentional or innocent misrepresentations. However, this Court has held that code definitions have no application in determining the presence of fraud, and the Court of Appeals for the Fifth Circuit, relying on this statement, has held that statutory definitions do not apply to the definition of fraud in an insurance case. See National UnionFire Insurance Co. v. Schwab, 241 Ala. 657, 4 So.2d 128 (1941), cited in National Surety Corp. v. Musgrove, 310 F.2d 256 (5th Cir. 1962), cert. denied, 375 U.S. 974, 84 S.Ct. 482,11 L.Ed.2d 420 (1964).
The Illinois Supreme Court has stated that under bonds to indemnify brokers for losses arising from criminal acts of employees, the commission of a "criminal act" in violation of public laws requires the joint operation of an act and an intention. Home Indemnity Co. v. Reynolds Co., 38 Ill. App.2d 358, 187 N.E.2d 274 (1962).
"Malicious" is defined as "having or done with wicked or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse." Black's LawDictionary 863 (5th ed. 1979).
The meaning of "reckless" has been addressed by this Court on several occasions. In Harrison v. State, 37 Ala. 154, 156
(1860), the Court interpreted the word as follows:
 "The word 'reckless' means 'heedless, careless, rash, indifferent to consequences.' Now, one may be heedless, rash or indifferent to results, without contemplating or 'intending' those consequences. As a general rule, there is a wide difference between intentional acts, and those results which are the consequence of carelessness."
In a later case, the Court stated:
 "The word 'reckless' . . . is not necessarily the equivalent of wantonness or intention. It may mean and is often used with no other significance than mere 'carelessness,' 'heedlessness,' [or] 'unmindfulness.' "
Richmond Danville R.R. v. Farmer, 97 Ala. 141, 146,12 So. 86, 88 (1892). In Merrill v. Sheffield Co., 169 Ala. 242, 252,53 So. 219, 222 (1910), the Court held that " 'Reckless' is not the equivalent of 'wanton' or 'intentional.' "
The foregoing cases show that a finding of "reckless" conduct is not premised on intentional acts. The Adairs' complaint alleges reckless misrepresentation as well as intentional misrepresentation. The policy in question excludes conduct that is defined as involving intentional acts. Accordingly, the Adairs' complaint contains allegations of conduct that do not relieve Pennsylvania National from its duty of providing a defense and coverage to Edwards Dodge.
Based on the foregoing, the judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES and STEAGALL, JJ., concur.