**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 95-10284
(Summary Calendar)

---

RICHARD ALLEN SWARTZ,

                                        Plaintiff-Appellant,

                    versus

FIRST WORTHING MGMT, COMPANY,
ET AL.,

                                        Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CV-167-R)

---

(June 1, 1995)

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Richard Allen Swartz, a Texas inmate proceeding pro se and in forma pauperis (IFP), appeals from the

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

dismissal in district court pursuant to Fed. R. Civ. P. 12(b)(1) of his suit against Defendants-Appellees. For the reasons set forth below, we affirm.

I

FACTS AND PROCEEDINGS

Swartz filed his complaint against four non-diverse parties, to-wit: First Worthing Management Company (FWM), Jefferson Park Apartments, Lori Ann Turner, the on-site manager for FWM, and Debbie Liebman, regional supervisor for FWM. Swartz noted in his complaint that he had five other lawsuits pending in federal district court, four filed two months prior to this complaint and one filed nine months earlier.

Swartz alleged that on November 18, 1993, he was arrested and released on bond for misdemeanor assault. On November 19th, at approximately 6:30 p.m., Swartz deposited his check, a "reletting fee," due by midnight on the 20th, in the Jefferson Park rent-deposit box. The next day Turner came to Swartz's place of employment and returned the check to him. She told him that Liebman had instructed her to serve Swartz with an eviction notice for failure to pay the reletting fee timely. Swartz was asked to leave the apartment complex.

Swartz claims that he attempted to find an apartment at other complexes, but was disapproved as a result of the information spread by Turner. Swartz contended that his parole officer, Eric Trainer, falsely informed Turner of Swartz's offense of

2

conviction.[1]  Swartz also alleged that before November 18th his credit rating was excellent.

From these facts, Swartz asserted an action premised on discrimination and slander by Defendants-Appellees.

The district court, without benefit of a questionnaire or a Spears[2] hearing, viewed Swartz's allegations as asserting that the Defendants discriminated against him because he had been arrested. The court dismissed the complaint without prejudice for want of jurisdiction, concluding that the suit should be filed in state court.

## II

## ANALYSIS

Although inartfully worded, Swartz's brief argues that the district court erred in concluding that it lacked jurisdiction over his claim of discrimination.  We review de novo a dismissal for want of subject matter jurisdiction.  EP Operating Ltd. v. Placid Oil Co., 26 F.3d 563, 566 (5th Cir. 1994).

The district court viewed Swartz's allegations as claiming discrimination stemming from his arrest.  The complaint can also be construed, however, as alleging discrimination by Defendants-Appellees based on the false information given by Swartz's parole officer.  Trainer informed Turner of Swartz's offense of conviction, but in so doing stated the wrong offense.  This

---

[1]  Before this court, Swartz alleges that Trainer spoke with Turner on November 20th.

[2]  Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

possibly led to the management decision wrongfully to evict Swartz and to spread the word of that for which he was convicted.

Given this version of facts presented by Swartz, it is possible that he has attempted to state a civil rights claim pursuant to 42 U.S.C. § 1983. See Daniel v. Ferguson, 839 F.2d 1124, 1128, 1130-31 (5th Cir. 1988). Swartz did not name Trainer as a defendant, however, and the complaint does not indicate what federal right of Swartz has been impinged. Moreover, on the limited facts presented in the record, it is unclear whether such a claim has even been raised.

Under Fed. R. Civ. P. 8(a), a complaint must set forth the basis of the federal court's jurisdiction, a short and plain statement of the plaintiff's claim or claims, and the relief that the plaintiff seeks. "Because there is no presumption in favor of federal court jurisdiction and that jurisdiction is limited, the basis for jurisdiction must be affirmatively shown." Kirkland Masonry, Inc. v. Commissioner, 614 F.2d 532, 533 (5th Cir. 1980). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984).

A review of Swartz's complaint and his appellate brief does not indicate, even under liberal construction, how Swartz properly attempted to invoke the district court's jurisdiction.[3] The main

---

[3] We note the difference in handwriting from the complaint and the appellate brief. Whoever is now assisting Swartz with his legal writings understands how to state appellate jurisdiction.

4

thrust of Swartz's complaint appears to concern state law claims of wrongful eviction, slander, and whatever type of discrimination he attempted to allege. As discussed above, the liberally construed complaint's possible civil rights claim is unclear and latent. Even if the district court had provided Swartz an opportunity to flesh out the factual basis of the complaint, it remains doubtful whether federal jurisdiction would have become manifest. But see Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir.) (noting that this court's "license to engage in speculation as to the existence of additional facts" to a complaint, filed by a plaintiff proceeding IFP, is limited by the district court's use of hearings or questionnaires to flesh out those facts), cert. denied, 115 S. Ct. 220 (1994). Therefore, the district court did not err in dismissing, without prejudice, Swartz's complaint for lack of federal jurisdiction.

AFFIRMED.