**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-50935
Summary Calendar

RONNIE F. MANES, Jr.,

Plaintiff-Appellant,

VERSUS

City of Shavano Park Police Dep't, et al.,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas
(SA-95-CV-1155)

July 17, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronnie F. Manes, Jr., filed suit pro se against the City of Shavano Park Police Department, Police Captain Orlando Rivera Torres, Patrolman P. Mendez, Bexar County Sheriff's Office, Deputy Sabino Gutierrez, Deputy R. Vijil, the San Antonio Police Department, John Does 1-10, and Jane Does 1-10, alleging violations of 42 U.S.C. § 1983, 1985, and 1988 under the Fourth, Fifth, and

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Fourteenth Amendments. The defendants were sued in their individual as well as their respective official capacities.

Manes alleged that on September 26, 1995, he was arrested without a warrant and his property illegally searched and seized while driving in the City of Shavano Park, County of Bexar.

On November 21, 1995, the district court issued its standard "Order for Scheduling Recommendations" requiring Manes to submit a proposed scheduling order. On December 8, 1995, Manes filed a "Notice of Status by Affidavit/Judicial Notice." The district court, *sua sponte*, dismissed the complaint without prejudice for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), finding that Manes' affidavit "clearly [indicated] an intent not to be subject to the rules and laws which govern this Court." Manes filed a timely notice of appeal.

**Discussion**

Manes argues that the district court abused its discretion in dismissing the action without discovery or a hearing for lack of subject matter jurisdiction, because he established a "prima facie" case of a civil rights violation. He argues that the court erroneously relied on the affidavit he filed in determining that the court lacked jurisdiction.

This court reviews de novo a dismissal for want of subject matter jurisdiction. *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992). "Because there is no presumption in favor of federal court jurisdiction and that jurisdiction is limited, the basis for jurisdiction must be affirmatively shown." *Kirkland Masonry, Inc.*

2

*v. Commissioner*, 614 F.2d 532, 533 (5th Cir. 1980). Manes' complaint asserted jurisdiction through 28 U.S.C. §§ 1331 and 1342. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1343 is the jurisdictional basis for civil rights cases under 42 U.S.C. §§ 1983, 1985. 28 U.S.C. § 1343.

"Whether a federal court has jurisdiction to decide a case and whether a plaintiff has a cause of action under a federal statute are distinct inquiries that must be addressed separately." *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir. 1985)(footnote omitted). If the plaintiff's well-pleaded complaint is drawn to seek recovery under a federal statute, then the district court has subject-matter jurisdiction. *Id.* at 1348.

To obtain relief under § 1983 a plaintiff must prove that he was deprived of a right under the Constitution or laws of the United States and that the person depriving him of that right acted under color of state law. *Resident Council of Allen Parkway Village v. U.S. Dep't of Housing & Urban Dev.*, 980 F.2d 1043, 1050 (5th cir.), *cert. denied*, 114 S.Ct. 75 (1993). Individuals are acting under color of state law "only when it can be said that the State is <u>responsible</u> for the specific conduct of which the plaintiff complains." *Daigle*, 774 F.2d at 1349 (internal quotations and citation omitted).

A court may dismiss for lack of subject matter jurisdiction on any of three grounds: (1) the complaint alone; (2) the complaint

3

supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981). Here, the district court *sua sponte* dismissed the action pursuant to Fed.R.Civ.P. 12(h)(3), after considering Manes' affidavit. The district court found that the affidavit expressed Manes' clear "intent not to be subject to the rules and laws which govern this Court." The court determined that if Manes "does not recognize the laws of the United States and Federal Rules of Civil Procedure to which this Court is bound, then the Court has no jurisdiction to determine Plaintiff's claims and the case may be dismissed."

Manes alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights by persons acting under color of law when he was arrested while driving in Bexar County. Manes' district court pleadings are drawn to seek recovery under § 1983, which prohibits the deprivation of Constitutional rights by persons acting under color of any state law. Manes' affidavit did not divest the district court of jurisdiction. Although disrespectful, the affidavit does not clearly demonstrate contumacious conduct or a "clear record of delay" sufficient to warrant dismissal without consideration of other sanctions. *See Price McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). Therefore, the district court erred by dismissing Manes' action for lack of subject matter jurisdiction.

Accordingly, we VACATE and REMAND the district court's dismissal of Manes' complaint.

4