Brian M. HALTERMANN, Individually and as General Partner of the Lamar Building Investors, L.P., and Lamar Building Investors, L.P., Plaintiffs,

v.

Roger W. JOHNSON, Administrator of the General Services Administration, and Carole A. Dortch, Regional Administrator of the General Services Administration, Defendants.

Civ.A. No. CV 196–076.

United States District Court,
S.D. Georgia,
Augusta Division.

Nov. 21, 1996.

John B. Long, Dye, Tucker, Everitt, Wheale & Long, Augusta, GA, for Brian M. Haltermann, Lamar Building Investors, L.P.

Edmund Alexander Booth, Jr., United States Attorney, Augusta, GA, for Roger W. Johnson, Carole A. Dortch.

## ORDER

BOWEN, Chief Judge.

In the above-captioned case, Defendants have moved to dismiss the action based upon a lack of subject matter jurisdiction, Fed. R.Civ.P. 12(b)(1), and a failure to state a claim upon which relief may be granted, Fed. R.Civ.P. 12(b)(6). Plaintiffs have previously filed a "Motion for Temporary Restraining Order, Preliminary Injunction, and Mandatory Injunction in Aid of Mandamus Relief." Upon consideration of the parties' briefs, Defendants' Motion to Dismiss is **GRANTED** for the reasons stated herein. Consequently, Plaintiffs' motion for injunctive and mandamus relief is **DENIED**.

Plaintiffs are private landowners of property located in the Central Business District of Augusta, Georgia. In 1991, the General Services Administration ("GSA")[1] leased cer-

tain office space in office buildings not located within the Central Business District for four federal agencies, including the Internal Revenue Service, the Defense Investigative Service, the United States Department of Labor and the Social Security Administration's Office of Hearings and Appeals.

In their Complaint, Plaintiffs allege Defendants Roger W. Johnson and Carole A. Dortch, as officials of the GSA, failed to comply with Presidential Executive Order No. 12072, 43 Fed.Reg. 36, 869 (1978), *reprinted in* 40 U.S.C.App. § 490 note, and its implementing regulations set forth in 41 C.F.R. § 101–17.000 *et seq.*, in GSA's acquisition of office space outside the Central Business District of Augusta, Georgia. Plaintiffs seek a restraining order in aid of a mandamus absolute, compelling Defendants to comply with Executive Order No. 12072 and its applicable regulations.[2]

■ A district court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The issuance of a writ of mandamus under section 1361 is an extraordinary remedy and is a matter of judicial discretion. *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir.1969) (citations omitted), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970).[3] Section 1361 does not grant the district court jurisdiction to order performance of an act or acts that require the exercise of discretion on the part of the defendant. *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 534 (5th Cir.1980). Instead, section 1361 confers jurisdiction only when the defendant official owes a "clear, ministerial and non-discretionary" duty to the plaintiff. *Id.* (citation omitted).

---

**1.** The GSA is an agency of the United States of America charged with the responsibility of maintaining, operating, and protecting buildings, property or grounds of the United States as well as for entering into leases to acquire office space for the various federal agencies. *See generally* Federal Property and Administrative Services Act of 1949, 40 U.S.C.App. § 490(a).

**2.** Plaintiffs also sought a mandatory injunction requiring Defendants to take "immediate steps to

relocate" the federal agencies to the Central Business District. Compl. at 15. Plaintiffs have clarified their claim for relief to eliminate this request. *See* Br.Opp. to Mot. to Dismiss, at 10.

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit Court of Appeals rendered before October 1, 1981.

Executive Order No. 12072 addresses certain policies involved in the "planning, acquisition, utilization, and management of Federal space facilities. . . ." 43 Fed.Reg. 36,-869. These policies are designed to "strengthen the Nation's cities and to make them attractive places to live and work." *Id.* However, the Order does not provide directives that are narrowly drawn to implement the Order's policies. It only provides certain criteria which should be considered when making a decision concerning space acquisitions.[4] Likewise, the implementing regulations, 41 C.F.R. § 101–17.000 *et seq.*, provide general language concerning agency considerations when acquiring office space. For example, the GSA is directed to give "serious consideration . . . to the impact that a location or relocation will have on improving the social, economic, environmental, and cultural conditions of the communities in an urban area." *Id.* § 101–17.002(b). Also, the GSA shall give "first consideration . . . to a centralized business area and adjacent areas of similar character." *Id.* § 101–17.002(c). The regulations list certain criteria similar to those listed in the Executive Order that should be considered in deciding matters of space acquisition.

It is apparent that these regulations do not exercise specific commands or directives with which the GSA must comply; instead, the regulations speak in general terms about "considerations" that should be made in reaching a space acquisition decision. While the Order and the regulations provide that the consideration of certain enumerated criteria is mandatory, the substance of these criteria allow for an exercise of great discretion on the part of GSA. In short, the Order and regulations do not provide fixed standards to which this Court could mandate compliance. Instead, the law indicates an intention that these types of decisions by GSA are a matter of judgment and manageri-

al discretion for which a writ of mandamus would not be appropriate.

With this law suit Plaintiffs endeavor to attain the laudable goal of centralizing governmental services. However, this Court does not have jurisdiction to address this matter because Defendants do not owe Plaintiffs a "clear, ministerial and non-discretionary" duty. Accordingly, Plaintiffs' Complaint seeking mandamus relief is hereby **DISMISSED**. The clerk is instructed to close this case and enter final judgment for Defendants. Costs are assessed against Plaintiffs.

---

4.  For instance, the Order mandates the consideration of the following criteria:
    (a) Compatibility of the site with State, regional, or local development, redevelopment, or conservation objectives.
    (b) Conformity with the activities and programs of other Federal agencies.
    (c) Impact on economic development and employment opportunities in the urban area. . . .

    (d) Availability of adequate low and moderate income housing for Federal employees. . . .
    (e) Availability of adequate public transportation and parking and accessibility to the public.
Executive Order No. 12072, 40 U.S.C.App. § 490, at 1–104.