Marjorie Graham, conservator for Pearl G. Campbell (conservator), appeals from a summary judgment entered in favor of Preferred Abstainers Insurance Company (Preferred).
Our review of the record reveals the following pertinent facts: In December 1994 the conservator filed a complaint against Robert L. Ledlow, minister of West End Baptist Church (minister), seeking, among other things, damages for conversion, fraud, and undue influence. Specifically, the conservator alleged that the minister used manipulation and undue influence in obtaining certain monies belonging to the conservator's mother.
Thereafter, the minister apparently notified Preferred, the Church's insurance carrier, about the lawsuit and requested that Preferred tender a defense on his behalf. It is undisputed that the minister is an insured under the Church's policy with Preferred because of his capacity as a minister and as an officer of the church.
In May 1995 Preferred filed a declaratory judgment action (CV95-95-R), seeking a determination as to whether it was required to defend and to indemnify the minister in the underlying civil action (CV-94-225-B) filed by the conservator against the minister. According to the trial court's docket sheet, the two cases were consolidated for discovery purposes only. Hence, we note that the two cases remain separate other than for discovery purposes.
Upon completion of the discovery process, Preferred filed a summary judgment motion, wherein it contended that it was not required to defend or to indemnify the minister because of certain exclusions contained in the insurance policy. The conservator and the minister filed separate summary judgment motions, contending otherwise.
In May 1996 the trial court, after a hearing, granted Preferred's summary judgment motion "both as to any duty on the part of [Preferred] to defend [the minister] in the underlying liability action and as to any duty to indemnify [the minister] for any judgment which may be recovered by [the conservator] in the underlying liability action."
The conservator appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6). We note that the minister did not file an appeal.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a *Page 190 
genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682
(Ala.Civ.App. 1994).
Once the movant makes a prima facie case, showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact.Porter, 636 So.2d 682.
Furthermore, in determining whether substantial evidence exists to defeat a summary judgment, the reviewing court must view the evidence in a light most favorable to the nonmoving party. Specialty Container Mfg., Inc. v. Rusken Packaging,Inc., 572 So.2d 403 (Ala. 1990).
Therefore, in deciding whether the exclusion in the policy at hand relieves Preferred of its contractual obligation to defend or to indemnify the minister, we must examine the language of the policy in a light most favorable to the minister.
Additionally, we would note that our supreme court, inAmerican States Ins. Co. v. Martin, 662 So.2d 245, 247
(Ala. 1995), stated the following well-settled law in Alabama regarding insurance contracts:
 "An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint about what gave rise to the cause of action against the insured. American States Ins. Co. v. Cooper, 518 So.2d 708 (Ala. 1987). The contract shall be construed liberally in favor of the insured and strictly against the insurer. Tyler v. Insurance Co. of North America, 331 So.2d 641
(Ala. 1976). Exclusions are to be interpreted as narrowly as possible, so as to provide maximum coverage for the insured, and are to be construed most strongly against the insurance company that drafted and issued the policy. Alliance Ins. Co. v. Reynolds, 494 So.2d 609 (Ala. 1986); Employers Ins. Co. of Alabama v. Jeff Gin Co., 378 So.2d 693
(Ala. 1979)."
Here, the pertinent part of the exclusion of the Commercial General Liability policy reads as follows:
 "(a) We shall not be liable to make any payment for 'loss' in connection with any claim made against your 'Directors, Officers or Trustees':
". . . .
 "(5) brought about or contributed to by the dishonesty of your 'Directors, Officers or Trustees;' however, notwithstanding the foregoing, your 'Directors, Officers or Trustees' shall be protected under the terms of this endorsement to any claims upon which 'suit' may be brought against them by reason of any alleged dishonesty on their part unless a judgment or other final adjudication thereof adverse to your 'Directors, Officers or Trustees' shall establish that acts of deliberate dishonesty committed by your 'Directors, Officers or Trustees' with actual dishonest purpose or intent were material to the cause of action so adjudicated."
(Emphasis added.)
There appears to be no ambiguity in the above-quoted section of the exclusion. The section expressly provides that the minister, as an officer, is protected under the policy for any claims brought against him by reason of any alleged dishonesty unless there is a judgment or final adjudication that establishes deliberate or intentional dishonesty.
We would note that there has not been any judgment or final adjudication entered in the underlying civil action filed by the conservator against the minister regarding the alleged acts of fraud, undue influence, and conversion. Hence, any determination regarding the minister's intent as to these alleged dishonest acts has not been established. We must, therefore, conclude that Preferred has a duty to at least defend the minister in the underlying civil action.
Our supreme court, in United States Fidelity Guaranty Co.v. Armstrong, 479 So.2d 1164, 1168 (Ala. 1985), has stated that "the insurer's duty to defend is more extensive than its duty to [indemnify]."
We would further note that our supreme court, in EdwardsDodge, Inc. v. Pennsylvania Nat'l Mutual Casualty Ins. Co.,510 So.2d 225, 227 (Ala. 1987), has stated that "a *Page 191 
finding of 'reckless' conduct is not premised on intentional acts." Here, the conservator's complaint alleges reckless misrepresentation, as well as intentional misrepresentation. Preferred's policy excludes conduct involving intentional acts. Therefore, Preferred would have a duty to indemnify the minister if a jury, in the underlying civil action, determined that the minister's actions were not intentional.
Next, we note that the section of the exclusion relating to the "LIMITS OF INSURANCE" expressly states, "we will pay the amount of a single 'loss' that is in excess of $2,500. 'Loss'
resulting from any 'wrongful act,' together with all related'wrongful acts,' will be considered a single 'loss' " (Emphasis added.)
The policy defines "loss" as:
 "the amount your 'Directors, Officers or Trustees' are legally obligated to pay or which you may be required or permitted by law to pay to indemnify the 'Directors, Officers or Trustees' for a claim or claims made against them for 'wrongful acts.' "
The policy defines "wrongful act" as:
 "any actual or alleged error or misstatement or misleading statement or act or omission or neglect or breach of duty by your 'Directors, Officers or Trustees' in the discharge of their duties. . . ."
Clearly, there is no ambiguity in this section relating to limits of insurance. The section clearly states that Preferred "will pay for the amount of a single 'loss' . . . resulting from any 'wrongful act.' "
Finally, "SECTION V — DEFINITIONS" of the policy, in pertinent part, defines "personal injury" as "injury, other than 'bodily injury,' arising out of . . . [w]rongful acts, errors or omissions resulting from counseling performed by a 'minister' employed by the named insured. . . ."
Construing all of the above-quoted sections of the exclusion narrowly and against Preferred, the drafter of the policy, we conclude that the references in the policy to "dishonest acts," "wrongful acts," "indemnity," and "losses" evidence an intent on Preferred's part to provide a defense for the minister or to indemnify him from his "wrongful" or "dishonest" acts in the event that a judgment is entered against him in the underlying civil action. Stated differently, the language of the policy offers substantial evidence from which one could conclude that Preferred has a duty to defend, or to indemnify, the minister for his alleged dishonest or wrongful acts.
In light of the above, the trial court committed reversible error when it entered a summary judgment in favor of Preferred. The trial court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
All the judges concur.