**Thomas C. HINES, Plaintiff,**

v.

**Deborah E. REED, a/k/a Deborah E. Hines, a/k/a Deborah E. Hill, Defendant.**

**No. Civ.A. 00–0955–CB–S.**

United States District Court,
S.D. Alabama,
Southern Division.

April 2, 2001.

---

Thomas C. Hines, Sr., Prichard, AL, pro se.

### *ORDER*

BUTLER, Chief Judge.

After due and proper consideration of all portions of this file deemed relevant to the issue raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(A) is ADOPTED as the opinion of this court. It is ORDERED that this action be and is hereby DISMISSED with prejudice for lack of subject matter jurisdiction.

### *REPORT AND RECOMMENDATION*

STEELE, United States Magistrate Judge.

Plaintiff, who is proceeding *pro se*, filed a handwritten complaint commencing this action (Doc. 1) together with a Motion to Proceed Without Prepayment of Fees (Doc. 2). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). It is recommended that this action be dismissed with prejudice for lack of subject matter jurisdiction.

### I. *Nature of Proceedings.*

Plaintiff claims that the sole Defendant, his daughter, who had his power of attorney while he was incarcerated in federal prison from February, 1994, to June, 1997, took his social security disability benefits, which amounted to $5,733.00, and used them for her own purposes (Docs. 1 & 4). Plaintiff maintains that the Social Security Administration ordered him to repay this amount (Docs. 1 & 4). The attachments to the original complaint (Doc. 1) indicate that $148.00 has been withheld from Plaintiff's social security check from January, 1998, to December, 2000, to recover the overpayment made to Plaintiff while he was a prisoner. Plaintiff seeks $5,000.00 for his pain and suffering in addition to $5,733.00 and court costs (Docs. 1 & 4).

Plaintiff's original complaint did not state the basis of this Court's jurisdiction. Plaintiff was, therefore, ordered to file a superseding amended complaint for the purpose of identifying the basis of this Court's jurisdiction over his action and of providing facts to support his jurisdictional statement (Doc. 3). Plaintiff filed an amended complaint in which he identifies as bases of jurisdiction "Title II of the Social Security Act 42 U.S.C Section 401, et seq. and 1983, et seq.... 42 U.S.C. Section 405(g) as amended. and 1383(c)(3), as amended." (Doc. 4)

### II. *Discussion.*

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction, ...." *Id.* (citations omitted).

Because Plaintiff has identified several federal statutes as providing juris-

diction for this Court to entertain his action, the Court finds that Plaintiff is attempting to assert as his jurisdictional basis federal question jurisdiction. A federal district court is granted federal question jurisdiction pursuant to 28 U.S.C. § 1331. This statute gives the district court subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). "If jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the case does in fact arise under federal law." *Kirkland Masonry, Inc. v. Comm'r Internal Revenue,* 614 F.2d 532, 533 (5th Cir.1980)[1] (citing Wright, Federal Courts p. 327 (2d ed.1970)); *see Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994); Fed.R.Civ.P. 8(a).

■ Because a court is powerless to act beyond its grant of subject matter jurisdiction, the court is obligated to raise whether it has subject matter jurisdiction at any time during the litigation. *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001). "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of juris-

diction." *Morrison v. Allstate Indemnity Co. .,* 228 F.3d 1255, 1261 (11th Cir.2000) (citing *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 409–10 (11th Cir.1999)).

In the amended complaint, Plaintiff identifies several federal statutes as providing a basis for this Court's jurisdiction over his action. After review of these statutes, the undersigned finds that this Court lacks jurisdiction over Plaintiff's action and that Plaintiff's cause of action is one that arises under state law.

■ Plaintiff identifies 42 U.S.C. § 401, *et seq.,* as a jurisdictional basis. This social security subchapter concerns federal old-age, survivors, and disability benefits. However, Plaintiff has not designated which of the subchapter's statutes provides a cause of action that allows him to sue a party who has converted his social security disability benefits. Moreover, the Court is unable to locate such a provision. The Court, however, observes that 42 U.S.C. § 402(x) mandates that social security benefits not be paid to a person who is incarcerated at a penal institution or a correctional facility as a result of a criminal conviction and that 42 U.S.C. § 404 provides for the collection of overpayments.

■ Plaintiff also contends that 42 U.S.C. § 405(g) is a basis for this Court's jurisdiction. Subsection (g) is a part of the procedural and administrative scheme under § 405 for gaining social security disability benefits, which includes hearings and appeals. In particular, subsection (g) confers upon a party who has not received a favorable final decision from the Commissioner of Social Security the ability to come into federal district court for judicial review of the denial of social security dis-

---

1. The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

ability benefits. Subsection (g), however, does not authorize a private citizen to recover payments converted by another private citizen for her use.

Plaintiff further maintains that 42 U.S.C. § 1383(c)(3) is a basis for this Court's jurisdiction. An examination of § 1383 reveals that no subsection (c)(3) exists to § 1383. *See* 42 U.S.C. § 1383 (2000).

Additionally, Plaintiff specifies 42 U.S.C. § 1983 as a basis for the Court's jurisdiction. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). In the present action, Defendant does not act under color of state law, and Plaintiff has not establish a violation of a right arising under the Constitution or federal law.[2]

Moreover, these statutes that Plaintiff identified as providing a jurisdictional basis for his action are inconsistent with his alleged facts. A plaintiff is required to identify the basis of the federal district court's jurisdiction *and* to "state facts showing that his case does in fact arise under federal law." *Kirkland Ma-*

*sonry*, 614 F.2d at 533. Plaintiff's facts do not demonstrate that his action arises under federal law. Rather, Plaintiff's facts demonstrate a potential cause of action against his daughter under state law for a conversion of his assets. *Ex parte Vincent*, 770 So.2d 92 (Ala.1999); *Graham v. Preferred Abstainers Ins. Co.*, 689 So.2d 188 (Ala.Civ.App.1997); *Lisenby v. Simms*, 688 So.2d 864 (Ala.Civ.App.1997); *Firemen's Ins. Co. v. Pugh*, 686 So.2d 281 (Ala.Civ.App.1996).

Even though the Court is required to liberally construe a *pro se* litigant's pleadings, the Court does not have "license to serve as *de facto* counsel for a party . . ., or to re-write an otherwise deficient pleading in order to sustain an action. . . ." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998). Notwithstanding, after an examination of federal law, the Court does not find a provision giving this Court jurisdiction over Plaintiff's action. Finally, the other main source of federal jurisdiction—diversity of citizenship jurisdiction—has not been satisfied in this action. 28 U.S.C. § 1332. Plaintiff's daughter is also a citizen of Alabama and the amount in controversy does not meet the $75,000 jurisdictional threshold.

### III. *Conclusion.*

Based upon the foregoing reasons, it is recommended that this action be dismissed

---

**2.** The undersigned observes the 42 U.S.C. § 1983 does not grant jurisdiction to the federal district court. Section 1983 is a remedial statute in that it creates a cause of action for a violation of constitutional and federal rights. *Fountain v. Metropolitan Atlanta Rapid Transit Auth.*, 678 F.2d 1038, 1042 n. 7 (11th Cir.1982). The statutes creating federal question jurisdiction are 28 U.S.C. § 1331 and § 1343(3). However, "where the com-

plaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit." *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 681–82, 66 S.Ct. 773, 775–76, 90 L.Ed. 939 (1946)). Therefore, the undersigned has directly addressed the statutes that Plaintiff identified even though they were not the statutes granting a district court federal question jurisdiction.

with prejudice for lack of subject matter jurisdiction.

The attached sheet contains important information regarding objections to the Report and Recommendation.

March 7, 2001.