IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20913
Summary Calendar

_____

IVO NABELEK,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-4181
--------------------
January 30, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ivo Nabelek ("Nabelek"), Texas state prisoner #669748, appeals the district court's dismissal of his writ of mandamus petition for lack of jurisdiction. Because his claims are not cognizable for habeas review, Nabelek's request for a certificate of appealability (COA) is DENIED AS UNNECESSARY.

Nabelek argues that under 28 U.S.C. § 1651, the district court has jurisdiction to order Texas prison officials to provide him with free copies of documents and a box for mailing those

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

copies.  Title 28, Section 1651(a) is not an independent grant of jurisdiction; it authorizes a court to issue commands necessary to effectuate orders it has previously issued "'in its exercise of jurisdiction <u>otherwise obtained</u>.'"  <u>Texas v. Real Parties In Interest</u>, 259 F.3d 387, 392 (5th Cir. 2001) (citation omitted) (emphasis added), <u>cert. denied</u>, 534 U.S. 1115 (2002); <u>Clinton v. Goldsmith</u>, 526 U.S. 529, 534-35 (1999).  Mandamus jurisdiction is conferred only when the defendant officer, employee, or agency owes a specific, non-discretionary duty to the plaintiff. <u>Kirkland Masonry, Inc. v. Comm'r of Internal Revenue</u>, 614 F.2d 532, 534 (5th Cir. 1980).  Nabelek has not provided authority for his contention that he has a right to free copies or a box to aid him in refiling his 28 U.S.C. § 2254 petition.  Moreover, our mandamus authority does not extend to state officials, and therefore we cannot grant Nabelek any relief with respect to prison officials.  <u>Cf.</u> <u>Moye v. Clerk, DeKalb County Superior Court</u>, 474 F.2d 1275, 1276 (5th Cir. 1973) (federal courts lack authority to "issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties").

The district court did not err in dismissing Nabelek's mandamus petition because the court lacked authority to issue a writ of mandamus providing the relief requested.  Nabelek's appeal presents no issue of arguable merit and is, therefore, dismissed as frivolous.  <u>See</u> 5TH CIR. R. 42.2.

COA DENIED AS UNNECESSARY; APPEAL DISMISSED AS FRIVOLOUS.